IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELVIN W. KAHLE, JR. and
CAROL KAHLE,

    Plaintiffs,

v.  Civil Action No. 5:11CV24
(STAMP)
CHESAPEAKE ENERGY CORPORATION,
CHESAPEAKE APPALACHIA, LLC,
KEVIN SWIGER and
STATOIL USA ONSHORE PROPERTIES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS CHESAPEAKE ENERGY CORPORATION
AND KEVIN SWIGER'S MOTION TO DISMISS COMPLAINT**

## I.  Procedural History

The plaintiffs, Melvin W. Kahle, Jr. and Carol Kahle, filed this declaratory judgment action in the Circuit Court of Ohio County, West Virginia on January 14, 2011.  The plaintiffs seek a declaratory judgment that the defendants do not have the right to enter or drill upon their property and that both the May 15, 2006 oil and gas Lease signed by the Kahles and Range Resources-Appalachia, LLC ("Lease") and the alleged assignment of the Lease to Chesapeake Appalachia, LLC ("Chesapeake") and Statoil USA Onshore Properties, Inc. ("Statoil") be declared null and void. The defendants removed the case to this Court on February 14, 2011.

On February 22, 2011, defendants Chesapeake Energy Corporation ("Chesapeake Energy") and Kevin Swiger filed a motion to dismiss the complaint.  In support of this motion, the defendants argue that neither Mr. Swiger nor Chesapeake Energy are parties to the

Lease and there are no claims asserted against them in the complaint. Before the motion to dismiss was fully briefed, the plaintiffs filed a motion for a stay of briefing pending a decision on their motion for remand, which had not yet been filed. On March 10, 2011, the plaintiffs filed their motion for remand.

This Court issued an order on March 30, 2011 granting the plaintiffs' motion for a stay pending a decision on the motion for remand. On June 3, 2011, this Court denied the plaintiffs' motion for remand and lifted the stay. In a separate order, this Court set forth a briefing schedule for the motion to dismiss. The plaintiffs filed a timely response to the motion to dismiss on June 17, 2011, stating that they have no objection to the motion to dismiss the complaint. The defendants did not file a reply. The motion to dismiss is currently pending before this Court and is ripe for disposition. Having reviewed the parties' pleadings and the relevant law, this Court finds that the defendants' motion to dismiss must be granted.

## II.  Facts[1]

On May 15, 2006, the plaintiffs entered into the Lease with Great Lakes Energy Partners, LLC ("Great Lakes"), a wholly-owned subsidiary of Range Resources Corporation that later changed its name to Range Resources-Appalachia, LLC ("Range"). The Lease does not grant Range the authority to sell or assign it. The plaintiffs

---

[1]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiffs in their complaint.

allege that Range orally agreed to terminate/surrender the Lease, and then on August 20, 2010, Range confirmed the termination of the Lease in writing via a letter to the Kahles. After the plaintiffs received the letter from Range, Chesapeake and/or Chesapeake Energy informed them that it had acquired the Lease. On October 18, 2010, the defendants[2] issued a notice of entry that they would be entering the plaintiffs' land. Kevin Swiger, Chesapeake Energy's senior field representative, allegedly physically entered the plaintiffs' land despite being told that the Lease had been terminated.[3] The plaintiffs also learned that Chesapeake had applied for a permit to drill on the plaintiffs' property beginning in December 2010. According to the plaintiffs, Chesapeake, Chesapeake Energy, and Statoil could not have acquired an existing Lease from Range because Range had terminated the Lease with the Kahles as of August 20, 2010.

III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to

---

[2] The complaint does not specify which defendants issued the notice of entry.

[3] This fact does not appear in the complaint, but was stated in the plaintiffs' motion for remand.

constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

In support of their motion to dismiss the complaint, defendants Chesapeake Energy and Kevin Swiger first argue that they are not proper parties to this action because they are not parties to the Lease or the assignment. Second, the defendants contend that the plaintiffs have failed to plead any facts to support any claim against Chesapeake Energy or Kevin Swiger.

In response, the plaintiffs state that they have no objection to the motion to dismiss the complaint as to Kevin Swiger and Chesapeake Energy; however, the plaintiffs argue that they reserve the right to move to amend their complaint to better articulate their claims against these parties and add them as defendants in accordance with any litigation deadlines entered by this Court.

Because the plaintiffs do not oppose the motion to dismiss and because this Court finds that the plaintiffs have failed to state a claim as to Chesapeake Energy and Kevin Swiger, the motion to dismiss must be granted as to these two defendants. This Court, however, makes no ruling as to any right of the plaintiffs to move to amend their complaint. The determination of the plaintiffs'

right to amend their complaint would depend upon the substance of any motion to amend.

## V. Conclusion

For the reasons stated above, the defendants' motion to dismiss the complaint is GRANTED as to defendants Chesapeake Energy Corporation and Kevin Swiger. Defendants Chesapeake Appalachia, LLC and Statoil USA Onshore Properties, Inc. remain parties to this case.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: June 30, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE